### COMMONWEALTH *vs.* AUGUSTUS GREENFIELD.

Berkshire.    Sept. 12. — 27, 1876.    COLT, MORTON & ENDICOTT, JJ.,
absent.

A person, licensed to sell liquors in the town of P., received by letter an order from a purchaser in the town L., set apart the liquor ordered and placed it in his wagon at P., carried it to L., and there left it with the purchaser, and was afterwards paid by him therefor. *Held,* that these facts warranted the inference that the seller did not intend to part with the title until he actually delivered the liquor at L.; and that, if this was so, the sale was completed at L., and not at P.

COMPLAINT under the St. of 1875, *c.* 99, to the Police Court in Lee, charging the defendant with a single sale of intoxicating liquor, on July 1, 1876, to Wilbur C. Winegar, at Lee. Trial in the Superior Court, before *Allen*, J., who allowed this bill of exceptions:

" The following facts were proved or admitted, and were all the essential facts found in the case: The defendant was doing business in Pittsfield, in the bottling and sale of lager bier and cider, under a license issued to him by the proper authorities, to sell malt liquors, cider and light wines in Pittsfield. On June 30, 1876, the defendant received the following order from Lee, by letter: 'Lee, June 29, 1876. Mr. Greenfield. Dear Sir

Bring me down 20 dozen bottles of lager, and come as soon as you can as I am all out. Yours, &c. W. C. Winegar.' In pursuance of this order, the defendant on July 1, 1876, drew into bottles from the large casks, in which the lager came to him from the manufacturers, enough lager to fill the order, and set apart the bottles so filled to take to Winegar, which he afterwards placed in his wagon for Winegar, and carried them to him that day at Lee, and left them there with him, and subsequently received his pay therefor from Winegar.

" Upon the foregoing facts, the defendant requested the judge to rule that he was entitled to a verdict of acquittal; but the judge refused, and instructed the jury to bring in a verdict of guilty, which they did. To which rulings, instructions and refusals to rule the defendant excepts."

*T. P. Pingree*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. Assuming (as most favorable to the defendant, but without deciding) that the order of the purchaser would have justified the defendant in setting apart the goods at Pittsfield, with the purpose and the effect of passing the title in them to the purchaser, it certainly did not require him to do so, and the evidence stated in the bill of exceptions, to say the least, warranted the inference that the defendant entertained no such purpose, and did not intend to part with the title until he actually delivered the goods at Lee, according to the terms of the order. If such was the fact, the goods, while in the wagon of the seller, remained his property, and at his risk, and the sale was completed at Lee, and not at Pittsfield. The judge therefore rightly refused to rule that the defendant was entitled to a verdict of acquittal, and, as it does not appear that the defendant asked to have any question submitted to the jury, his exceptions cannot be sustained. *Vale* v. *Bayle*, Cowp. 294, 296. *Jenner* v. *Smith*, L. R. 4 C. P. 270. *Merchants' Bank* v. *Bangs*, 102 Mass. 291. *Suit* v. *Woodhall*, 113 Mass. 391, 394. *Elgee Cotton Cases*, 22 Wall. 180, 188. *Exceptions overruled.*