SAMUEL N. HOLLIDAY, Administrator, *et al.*, Appellants, v. S. P. JACKSON *et al.*, Respondents.

St. Louis Court of Appeals, April 10, 1888.

1. TRESPASS—LIABILITY OF ABSENT PARTY.—In order to hold a party liable for a trespass who was not personally present and participating therein, it is not sufficient to show only that he received the fruits of the trespass. There must also be evidence tending to prove that he received them with a guilty and assenting knowledge of the fact that they were procured by a trespass.

2. ——— EVIDENCE—DECLARATIONS OF CO-TRESPASSER.—The declarations of an alleged co-trespasser or co-conspirator with the party charged are not admissible against such party until the conspiracy first be established.

APPEAL from the Butler Circuit Court, HON. JOHN G. WEAR, Judge.

*Affirmed.*

C. L. KEATON and SAMUEL N. HOLLIDAY, for the appellants: All who participate in a trespass, and all who assent thereto and receive benefit therefrom after it has been committed, are liable in the action therefor. *Canifax v. Chapman*, 7 Mo. 175 ; *McNeely v. Hunten*, 30 Mo. 332 ; *Alfred v. Bray*, 41 Mo. 448 ; *McManus v. Lee*, 43 Mo. 206 ; *Murphy v. Wilson*, 44 Mo. 313 ; *Ullman v. Railroad*, 67 Mo. 118 ; *Dooley v. City*, 82 Mo. 444 ; *Cooper v. Johnson*, 81 Mo. 483. When there is any evidence at all to sustain an issue, a demurrer to the evidence should not be sustained, nor the instruction given. *Baum v. Fryrear*, 85 Mo. 151 ; *Groll v. Tower*, 85 Mo. 249 ; *Sage v. Reeves*, 17 Mo. App. 210 ; *Williamson v. Fisher*, 50 Mo. 198 ; *Walsh v. Morse*, 80 Mo. 568 ; *Moody v. Deutsch*, 85 Mo. 237. The court should make every inference in favor of the party offering the evidence, and if there be any evidence from which the jury might with propriety find for the plaintiffs, the court

should not have given the instruction taking the case from the jury. *Wilson v. Board*, 63 Mo. 137; *Brink v. Railroad*, 17 Mo. App. 117; *Fischer v. Railroad*, 23 Mo. App. 201; *Noeninger v. Vogt*, 88 Mo. 589.

GEORGE N. BOUGHTON, for the respondents: Defendants' demurrer to plaintiffs' evidence was properly sustained, because there was no evidence implicating Malone in the trespass. The testimony of plaintiffs' witnesses as to statements made by Jackson could not be used against Malone unless there was other testimony connecting Malone with Jackson in the trespass.

THOMPSON, J., delivered the opinion of the court.

This case was before the court on a former appeal, at which time we reversed the judgment for the plaintiff and remanded the cause. 21 Mo. App. 660. On another trial in the circuit court, the court, at the close of the plaintiffs' evidence, directed a verdict for the defendant Malone. Thereupon the plaintiff took a non-suit, and afterwards moved to set the same aside, which motion being overruled, he excepted and appeals to this court.

On the former appeal, as here, the objection was urged that the evidence was not sufficient to support a verdict as against the defendant Malone. On carefully going over the record, we concluded that there was *some* evidence to support a verdict against Malone, and we, therefore, overruled that assignment of error. We made that ruling in view of the general rule of law that all who direct the commission of a trespass, or wrongfully contribute to its commission, or assent to it after it is committed, are equally liable to the injured person; and that it is quite unnecessary, in order to charge a defendant in an action for a trespass, that he should have physically participated in the act of seizing and removing. 21 Mo. App. 667, and cases cited.

We reaffirm this principle; but, on going over the evidence adduced at the trial from which this appeal is taken, we see no substantial evidence to charge Malone

as a trespasser within its meaning. The cutting and carrying away of the timber was entirely done by the defendant Jackson. There is in this record no evidence tending to show what relation the defendant Malone sustained to the defendant Jackson, other than that of a possible purchaser of the logs which Jackson cut and carried away from the land of the plaintiffs. There is no evidence here that Jackson was either a partner or an employe of Malone. Indeed, we see in this record no evidence that the logs which Jackson cut and carried away from the plaintiffs' land were sold to Malone, except the general evidence that they were floated down Little River, and that Malone at that time owned and operated the only sawmill upon Little River below the land from which the logs were taken.

In order to charge an absent party with the commission of a trespass, it is necessary to prove something more than the fact that he in some way received the fruits of the trespass. There must be evidence of a *scienter*—evidence tending to show that he received the fruits of the trespass with a guilty knowledge—with a knowledge that they had been procured from the land of another by a trespass ; otherwise an innocent lumber dealer in St. Louis might be charged as a co-trespasser of Jackson from the mere fact of having purchased from Malone the lumber which was made from these logs.

The evidence tending to show any concert of action or understanding between Malone and Jackson consisted, with one exception, entirely of the declarations of Jackson. These declarations, upon well-understood principles, were not admissible to charge Malone, because no predicate had been laid for their admission by showing a previous confederacy between Jackson and Malone ; the rule being that a conspiracy cannot be established in the first instance by the declarations of one of the supposed co-conspirators.

The exception above spoken of consisted solely of the following dialogue, alleged to have passed between Jackson and Malone after they had both been arrested

for this trespass and released on recognizance : "S. P. Jackson said to E. J. Malone, 'I will be down in a few days with a drive of logs.' E. J. Malone said, 'I would be glad, as we are getting scarce of logs,' in reply to what S. P. Jackson said." This proves absolutely nothing towards connecting Malone with this trespass. For aught that appears Jackson may have been cutting other logs, and lawfully, from the land of others, or from his own land, or he may have been driving logs procured by this very trespass down the river to Malone, and Malone may have believed at the time that he was obtaining them lawfully.

On the whole, it is quite clear that the learned judge was right in directing a verdict for the defendant Malone; and with the concurrence of Judge Rombauer, the judgment is accordingly affirmed.