ELI KLOTZ, Appellant, v. JOSEPH F. LINDSAY, Respondent.

**St. Louis Court of Appeals, April 23, 1901.**

**Trespass: MISAPPREHENSION: INADVERTENT TRESPASS: EVIDENCE: PARTY.** In the case at bar, the evidence conclusively proves that defendant was no party to the inadvertent trespass. The mere fact that Henson paid him for the timber which he had cut on plaintiff's land, under the misapprehension entertained by both, that it was cut from the defendant's land, affords no ground for recovery by plaintiff.

Appeal from Wayne Circuit Court.—*Hon. F. R. Dearing,* Judge.

AFFIRMED.

*James F. Green* for appellant.

Where, under the admitted facts, plaintiff is entitled to a judgment, even for nominal damages, a judgment for defendant should be reversed. Curtis v. Driggs, 25 Mo. App. 175; Greenwell v. Garrett, 92 Mo. 120; State ex rel. v. Reyburn, 22 Mo. App. 303. It can not be determined, from the instructions given and refused, upon what theory the case was decided, and the judgment should, therefore, not be permitted to stand. Mill Co. v. Spilken, 77 Mo. App. 414; Hunt v. Hunter, 52 Mo. App. 263; Hartford v. Davis, 59 Mo. App. 405; Butler Co. v. Bank, 143 Mo. 13; Wheeler v. McDonald, 77 Mo. App. 213. The evidence authorized the instruction given for plaintiff and the judgment should have been in accordance there-

with.    Timber Co. v. Cooperage Co., 112 Mo. 383; Holliday
v. Jackson, 21 Mo. App. 660; McNeely v. Hunton, 30 Mo.
332; Alfred v. Bray, 41 Mo. 484; Gray v. McDonald, 28 Mo.
App. 477.

*J. F. Lindsay* for respondent.

There is no substantial conflicting evidence in this case,
but even if there should be, the issues were clearly and cor-
rectly submitted to the trial judge, sitting as a jury, and the
verdict should end the controversy.    Groves v. Kansas City, 75
Mo. 672; State v. Kinney, 81 Mo. 101; Pierce v. Chamber-
lain, 82 Mo. 618; State v. Hert, 89 Mo. 590; Case v. Railroad,
60 Mo. App. 185.

GOODE, J.—Plaintiff sued to recover treble damages for
seventy-nine oak trees alleged to have been cut down and car-
ried away from his land by the defendant.    Lindsay owned
eighteen hundred acres of timber land  adjoining plaintiff's
tract.    One Henson put a mill on or near the line, pursuant to
a contract by which he was to cut the timber on the plaintiff's
land and pay him one dollar per thousand feet for it.    This
arrangement was first made with a man by the name of Love-
lace, but Henson subsequently took his place.    In the progress
of the work, Henson's hands inadvertently cut timber cross the
line, which belonged to Klotz, who demanded that Lindsay pay
for it and, when he refused to do it, sued him.

The appellant requested one declaration of law, which the
court gave:  "The court declares the law to be, that if the
court, sitting as a jury, finds from the evidence that defendant
Lindsay authorized witness Henson to cut and take timber from
defendant's lands, and that said Henson's employees and agents
entered upon the lands of plaintiff, described in the petition,

and cut timber on said lands of plaintiff and delivered said timber to Henson, and that Henson paid defendant for the same, then plaintiff is entitled to recover (single damages), for the reasonable value of the timber so taken from the lands of plaintiff."

The verdict and judgment were for the defendant, and justly so. The evidence conclusively proves that he was no party to the inadvertent trespass. The mere fact that Henson paid him for the timber which he had cut on Klotz's land, under the misapprehension entertained by both, that it was cut from the land of Lindsay, affords no ground for a recovery by the plaintiff. Holliday v. Jackson, 30 Mo. App. 263. The declaration was correct, and if there was a conflict in the evidence, which at the utmost was very slight, the finding of the lower court can not be disturbed.

The judgment is affirmed. All concur.