## Commonwealth, For Use, et al. v. Bottom, et al.

(Decided October 10, 1910.)

### Appeal from Mercer Circuit Court.

1. Local Option—Sale by Agent of Seller Violation of Statute.— Where whisky is sold and delivered by an agent of the seller to one residing in a local option town, the seller has violated the statute.

2. Same.—It is no defense to a man who does an act contrary to law, that he did it not for himself, but as the agent of another. There are no accessories in misdemeanors.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Asst. Attorney General, and C. E. RANKIN, Commonwealth's Attorney, for appellant.

J. F. VANARSDALL and BEN LEE HARDIN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON.

Local option is in force in Harrodsburg; it is not in force in Lawrenceburg, which is twenty miles from Harrodsburg and connected with it by rail. W. A. Bottom runs a saloon in Lawrenceburg and DeWitt Bonta is his saloon keeper. On March 26, 1910, J. W. Devine at Harrodsburg wrote Bottom this letter:

"Harrodsburg, Ky., March 26, 1910.
"W. A. Bottom, Lawrenceburg:
"Send me four quarts of whisky the first chance you have and leave it at John I. Vanarsdall's, and I will send you the money court day.
                    "Respectfully,
                        "J. W. DIVINE."

R. L. Goddard, at Harrodsburg, went to the telephone of John I. Vanarsdall, some days after and telephoned to Bottom asking him, if anybody was coming up, to send him some whisky. A number of other persons sent similar messages. Some days later Bonta took the train at Lawrenceburg, with the whisky that had been ordered by these parties put up in different packages. At Lawrenceburg he put his packages on a truck, and when the train came had them put on the train. When the train got to Harrodsburg the hotel porter or man sent by Vanarsdall to meet the train, took the packages to the hotel. Bonta delivered to Goddard the whisky he had ordered, and it was charged to Goddard on an account he had with Bottom. When he would see any of the other persons who had ordered whisky he collected from them the money, and they went to Vanarsdall's and got the whisky. Bottom and Bonta were indicted in these two cases for selling the whisky to Goddard and Devine in Harrodsburg; and on the conclusion of the evidence for the commonwealth, in each case, the court instructed the jury peremptorily to find for the defendants. The jury so found, and a judgment having been entered dismissing the prosecutions, the commonwealth appeals.

The judgment of the circuit court it is said, was rested on two grounds: First, that the sale was made at Lawrenceburg; second, that Bottom and Bonta could not be jointly indicted.

It is true that where whisky is ordered and directed to be delivered to a carrier and shipped to the consignee, the title passes on delivery to the carrier, for the shipper has no control of the whisky after it is delivered to the carrier as directed by the consignee. But that is not this case. This was Bottom's whisky sent to Harrodsburg by his barkeeper. The persons ordering the whisky did not make Bonta their agent to bring it to them or direct that it should be delivered to Bonta. It was not their whisky until it was delivered to them by Bonta at Harrodsburg. If the whisky in one of the packages had been lost on the way, the loss would have fallen on Bottom and not on the man who had ordered it. When personal property is sold in this way, the sale is made when the possession is delivered. This whisky was delivered in Harrodsburg, and the sale was made there. (Com. v. Adair, 121 Ky. 689; Cook Brewing Co. v. Com., 99 S. W. 354.)

When Bottom sold the whisky to the persons in Harrodsburg, and delivered it there by the hands of his agent Bonta, he violated the statute; for he who does an act by another, stands in law just as if he had done it himself. Bonta when he delivered the whisky in Harrodsburg and thus made the sale there, violated the statute as fully when acting as the agent of Bottom as if acting for himself; for it is no defense to a man who does an act contrary to law that he did it not for himself, but as the agent of another. There are no accessories before the fact in misdemeanors. Bottom and Bonta are both principals and may be jointly indicted.

The proof as to the other orders for the whisky that was brought along by Bonta at the same time as that charged in the indictment, and his acts in delivering the other packages so brought along, and collecting the money therefor, is properly admissible as part of the res gestae. Proof as to whisky that he brought on other occasions would only be admissible to connect Bottom and show Bonta's authority to act for him. The fact that when the whisky was ordered from Bottom, it was received through Bonta, and the money paid Bonta on other occasions, is competent evidence to show Bonta's agency for Bottom.

We therefore conclude that the circuit court erred in instructing the jury to find for the defendants and this is ordered to be certified to the circuit court.