## Commonwealth v. Wilson.

(Decided November 17, 1911.)

### Appeal from Knox Circuit Court.

Local Option—Sale of Whiskey—Delivery.—The sale is made where the bargain is closed, and the property delivered to the purchaser; so where whiskey by the direction of the purchaser is delivered to another to bring to him at his risk the sale is made at the place where the whiskey is so delivered to the agent.

JAS. BREATHITT, Attorney General, W. R. LAY and CHAS. H. MORRIS for appellant.

No brief for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Charley Wilson was charged with selling whiskey in Knox County to John Sampson in violation of the local option law. Upon a trial of the case in the circuit court the court at the conclusion of the evidence instructed the jury peremptorily to find the defendant not guilty. This having been done and the indictment having been dismissed, the Commonwealth appeals.

The proof on the trial showed these facts: Wilson lives in Middlesboro and is engaged in the saloon business there. Sampson lives in Barbourville, and telephoned to Wilson that he wanted some whiskey. Wilson asked him who he had there to bring it; Sampson said, "No one," and asked Wilson if there was anyone there from Barbourville. Wilson said he would look and see. A little later he called up Sampson and told him Hiram King was there and asked him if King would do to send the whiskey by. Sampson said, "Yes." Wilson told

Sampson that he could not send the whiskey to him but that he would have to deliver it to him in Middlesboro; that he would not be responsible for the whiskey after he delivered it to King; that after he delivered it to King, Sampson would be responsible for it. Sampson agreed to this and told him to deliver the whisky to King. Wilson took the whiskey to the station and delivered it to King on the train and charged it on Sampson's account with him. King took the whiskey on the train with him to Barbourville, and there delivered it to Sampson or his servant.

There were all the facts shown and there was no contradiction in the evidence. The charge against Wilson was that he had sold the whiskey in Knox County. The selling of the whiskey in Middlesboro was lawful. So the only question in the case is whether the sale of this whiskey was made in Middlesboro or in Barbourville. The sale is completed when the vendor delivers the property and parts with the control of it. Wilson delivered this whiskey to King in Middlesboro. If the whiskey had been lost between Middlesboro and Barbourville the loss would have fallen on Sampson. It was not Wilson's whiskey after he delivered it to King for Sampson, for upon Sampson's agreement it was to be his whiskey from that time. Under the agreement between the parties, Sampson was bound for the price of the whiskey after Wilson delivered it to King, although he had failed to get it. King did not hold the whiskey for Wilson; he held it for Sampson. It was Sampson's whiskey from the time it was delivered to King. If King had taken to Sampson a box of cigars under similar circumstances, certainly it would be held that the sale was made at Middlesboro, and no distinction can be made between a sale of whiskey and a sale of other things. In Commonwealth v. Bottom, 140 Ky., 212, the vendor retained the title to the whiskey until it was delivered to the purchaser in the county of his residence.

Judgment affirmed.