## Parker v. Commonwealth.

(Decided April 12, 1912.)

### Appeal from Laurel Circuit Court.

1. Intoxicating Liquors—County Where Sale is Made.—The sale of intoxicating liquor is made in that county in which the purchase price of the whiskey is paid and the whiskey delivered to a common carrier for shipment.

2. Intoxicating Liquors—Soliciting Sale of, in Prohibited Territory, Not Unlawful.—It is not a violation of the local option law to solicit in local option territory the sale of whiskey, and it is not material how or in what manner the solicitation is carried on, or by what means or methods the sale of the whiskey is consummated, if the sale of the whiskey is not made in the prohibited territory.

KASH & KASH and B. F. GRAZIANI for appellant.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant Attorney General for appellee.

Opinion of the Court by Judge Carroll—Reversing.

The appellant, under an indictment charging him with the sale of intoxicating liquor in local option territory in Laurel County was convicted upon the following agreed statement of facts:

"It is agreed that the Orene Parker Company is a partnership, with its principal office and place of business in Covington, Kentucky, and that Orene Parker is the sole owner, doing business under the name of The Orene Parker Company, and that he resides in Covington, Kenton County, Kentucky; that the defendant, The

Orene Parker Company and Orene Parker have a warehouse and bottling plant in Covington, Kentucky; that they are the sole makers and sellers of a brand of liquor known as "OLD MAID WHISKEY;" that said whiskey is made by the aforesaid Orene Parker and the Orene Parker Company, in Nelson County, Kentucky, and taken to their warehouse and bottling plant in Covington, Kentucky, and there bottled, branded, stamped and prepared by them to ship to the general trade. It is further agreed that in less than twelve months next before the filing of the indictment in this case that the defendant mailed a letter from Covington, Kentucky, addressed to Robert Baker, at London, Laurel County, Kentucky, offering to sell him liquor, and with it enclosing a return envelope addressed to The Orene Parker Company, Covington, Kentucky, * * *; and also an order blank, and known by said company as 'Cash order blank of The Orene Parker Company', * * * on the back of which order blank is listed the price of liquor handled by said company, and according to the terms of which agreement they agreed to ship prepaid liquor at a certain price per gallon to Mr. Baker at London, Laurel County, Kentucky. It is further agreed that they sent these letters and order blanks to many citizens in Laurel County, Kentucky, and to many in and around London, many of whom ordered liquor and many who did not. It is further agreed that Robert Baker filled out the order blank and signed it according to directions in the letter aforesaid and the order blank aforesaid, and got a money order from the United States postoffice at London, Laurel County, Kentucky, payable to the defendants at Covington, Kentucky, for $2.85; that he put said order and money order in the self-addressed envelope furnished by the defendants * * *; that said letter and orders were received by the defendant, The Orene Parker Company, and Orene Parker, in Covington, Kentucky, and that they acknowledged the receipt of the same by a letter, addressed from Covington, Kentucky, to Robert Baker at London, Laurel County, Kentucky, acknowledging the receipt of said order, and stating that the liquor would be shipped to said Baker pursuant to the order which he had mailed at London, Laurel County, Kentucky, four quarts of liquor made as aforesaid, and of the brand as aforesaid, as set out in part first of this agreement; that said liquor

was shipped from Cincinnati, express charges prepaid to Robert Baker, at London, Laurel County, Kentucky, and was there received and accepted by him. It is further agreed that at the time of said order the defendants were taking their liquor from the warehouse in Covington, Kentucky, and shipping it to various parts of the State of Kentucky, and to London, Laurel County, Kentucky, from Cincinnati, Ohio.''

A reversal of the judgment is asked upon the ground that under the agreed statement of facts the appellant did not sell any whiskey in and was not guilty of a violation in Laurel County of the local option laws of the State.

As the whiskey was shipped from Cincinnati, in the State of Ohio, to the purchaser in the city of London, Laurel County, in the State of Kentucky, the shipment of the whiskey was clearly an interstate transaction. It was not subject to control or regulation by the laws of this State, and its interstate character was not affected by the method employed in the solicitation of the sale of the whiskey. It is equally clear that the fact that the whiskey was manufactured in this State and for sometime before its sale and shipment was stored in Covington, in this State, did not in any way affect the character of the transaction as an interstate shipment. It was a matter of no importance where the whiskey was manufactured or where it was stored previous to its shipment. The rules of law applicable are the same as if the whiskey had been manufactured and stored in Ohio or some other State and had never been brought into this State previous to its shipment. As the sale of the whiskey was consummated and the title to it passed when it was delivered to the carrier in Cincinnati, Ohio, it would seem to follow necessarily that the appellant could not be convicted for selling the whiskey in Laurel County. Kahn's Sons v. Commonwealth, 143 Ky., 297; Whitmire v. Commonwealth, 140 Ky., 734.

But if the shipment from Covington to Cincinnati, and its re-shipment from Cincinnati, Ohio, to Laurel County should be considered as a mere device or scheme in an attempt to evade the laws of this State, and the transaction treated as if the whiskey was in fact shipped from Covington, Kentucky, it would not help the case for the Commonwealth. Keeping in mind the fact that this was not a C. O. D. transaction, and that the full purchase price of the whiskey and the carrier charges were paid

before it was delivered to the common carrier for shipment, the sale under repeated decisions of this court must be deemed to have taken place in Covington and not in Laurel County. The fact that the sale of the whiskey was solicited and the manner in which the purchase and sale was consummated can have no influence in determining where the sale took place. Upon this point it was said in Whitmire v. Commonwealth, 140 Ky., 734:

"If it be true, as contended for the Commonwealth, that appellant should be held to have solicited the order from the purchaser for the whiskey, that fact did not constitute the transaction a sale in the city of Princeton; it was only a step preliminary to the sale, which took place in Evansville, Indiana, where the whiskey was stored, after Adler received the order and money from Easter Petit and when he delivered to the express company, consigned to her, the quantity of whiskey designated in the order."

In Commonwealth v. Gast, Crofts & Co., 143 Ky., 674, Gast, Crofts & Co. and Charlie House, its agent, were jointly indicted by the grand jury of Clay County for selling whiskey to Frank Davis in that county. In holding that the Clay Circuit Court had no jurisdiction of the offense, if any, committed by either of the accused, the court said:

"House was only a traveling salesman who solicited Davis, a merchant, to make and sign an order to his house, the appellant corporation, for a bill of goods, and the cider was among the goods ordered.   *   *   * There is no statute in this State placing a penalty upon persons who solicit orders for intoxicating liquors.   *   *   * Appellee corporation did not make any sale or delivery of an intoxicating beverage, to-wit: Cider, to Davis in a local option district. The order was sent by Davis from Manchester to their place of business in Jefferson County, and the corporation parted with the property and the possession when it delivered the order to the railroad, a common carrier, in Jefferson County."

In Commonwealth v. Wilson, 145 Ky., 413, Wilson, who lived in Bell County, was indicted for selling whiskey to one Jim Sampson in Knox County. The evidence showed that Sampson ordered the whiskey from Wilson, and that Wilson sent it to him by the person who ordered it. Upon these facts the court said:

"The selling of the whiskey in Middlesboro was lawful. So the only question in the case is, whether the sale of this whiskey was made in Middlesboro or in Barbourville. The sale is completed when the vendor delivers the property and parts with the control of it. Wilson delivered the whiskey to King in Middlesboro. If the whiskey had been lost between Middlesboro and Barbourville, the loss would have fallen on Sampson. It was not Wilson's whiskey after he delivered it to King for Sampson, for upon Sampson's agreement it was to be his whiskey from that time. Under the agreement between the parties, Sampson was bound for the price of the whiskey after Wilson delivered it to King, although he failed to get it. It was Sampson's whiskey from the time it was delivered to King." To the same effect is McDermott v. Commonwealth, 29 Ky. Law Rep., 750; Commonwealth v. Price & Lucas Vinegar Co., 31 Ky. Law Rep., 1356; Doores v. Commonwealth, 121 Ky., 226; James v. Commonwealth, 102 Ky., 108; Commonwealth v. Lexington Brewing Co., 147 Ky., 687.

So that, whether the delivery of the whiskey to the consignee, Baker, took place in Cincinnati, Ohio, or in Covington, Kentucky, no offense was committed by the appellant in Laurel County, as there was no sale in that county. The soliciting of purchasers for whiskey in local option territory not being a violation of law, it is wholly immaterial in what method or by what means the soliciting is done or the sale effected. Nor is the soliciting of sales of whiskey a device or scheme to evade the operation or defeat the purpose of the law within the meaning of section 2570 of the Kentucky Statutes. As the act of soliciting is not punishable, of course no device or scheme by which the act of soliciting may be attended or accomplished can be punished. The soliciting may be privately and secretly, or boldly and openly done. It may be by means of agents or by means of correspondence. It is the sale, and not the solicitation, that constitutes the offense in cases like this. The manner or method by which the sale is brought about or consummated is of no consequence in determining the guilt or innocence of the accused. The party making the sale can only be punished when the sale is made in prohibited territory. If the sale is not made in prohibited territory, it necessarily follows that the person accused must go acquit. Under all the authorities, the sale in this case

was not made in Laurel county, and, therefore, the appellant could not be convicted of the offense of making a sale in that county.

Upon the agreed statement of facts, there should have been a judgment for the defendant.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.