# Staunton

## TAZ WALKER V. CITY OF RADFORD.

September 22, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*John B. Spiers,* for the plaintiff in error.

*H. C. Tyler* and *Ted Dalton,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error was convicted by the civil and police justice of the city of Radford, was fined $50 and sentenced to jail for thirty days. The warrant upon which he was tried charged that "Taz Walker on the — day of August 1931, and within one year last past, and within the city limits, unlawfully and feloniously did keep, possess and transport ardent spirits in violation of the ordinances of the city of Radford * * *."

Upon an appeal to the corporation court, the case was tried by a jury, the conviction was sustained and judgment was pronounced by the trial court.

It is assigned as error that the court erred in giving to the jury this instruction:

"The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that Taz Walker kept, possessed or transported ardent spirits, you will find him guilty and fix his punishment not less than $50.00 nor more than $500.00, and confined in jail not less than one nor more than six months."

The main objection urged against the instruction is that it told the jury they could convict if the accused possessed ardent spirits, when the ordinance under which the accused was tried and convicted did not provide any penalty for the possession of ardent spirits, unless such possession was for the purpose of sale.

The section of the ordinance in question is as follows: "The possession by any person of ardent spirits at any place other than his permanent bona fide home shall be unlawful, and the possession at such home shall be

unlawful unless the ardent spirits shall have been law-
fully acquired from a person or persons authorized by
law to furnish the same, or wine manufactured in the
home not in violation of the provisions of this ordinance."

It will be observed that no penalty is here provided
for the violation of this ordinance.

Under the provision of clause 37, section 4675, of the
prohibition law, counties, cities and towns are authorized
and empowered to pass such ordinances as are applicable
to the provisions of the statute. The city ordinance in-
volved is the same as clause 12 of section 4675 of the
Code.

The punishment provided for violation of the State
prohibition law is contained in clause 6 of the act:

"Any person who shall violate any of the provisions of
this act shall, except as otherwise herein provided, be
deemed guilty of a misdemeanor, and be fined not less
than fifty nor more than five hundred dollars, and be con-
fined in jail not less than one nor more than six months,
except that the sale of any ardent spirits, or the trans-
portation thereof in excess of one gallon shall be punish-
ed by a fine not exceeding five hundred dollars and con-
finement in jail not less than three nor more than twelve
months, * * *."

Due, no doubt, to oversight upon the part of the
draftsman, there is no similar provision in the ordinance
of the city of Radford. While virtually conceding that
the warrant embraced a charge for the violation of which
no penalty is provided by ordinance, and that the instruc-
tion empowered the jury to find the accused guilty, if they
believed he merely possessed ardent spirits, counsel for
the city contend that resort can be had to the State statute
to supply a penalty not contained in the city ordinance.

The contention is unsound. The ordinance is an in-
dependent penal law, and we are limited to its provisions
for the ascertainment of violations and penalties. There

can be no extension of the ordinance by implication or construction.

"Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case." *Faulkner* v. *Town of South Boston,* 141 Va. 517, 127 S. E. 380, 382.

The vice in the instruction is that it empowered the jury to impose a punishment which was not embraced in the ordinance. Such an authorization renders the instruction erroneous and compels a reversal of the judgment.

As the case will have to be remanded for a new trial, it is unnecessary to discuss the assignments of error dealing with the form of the verdict and the sufficiency of the evidence to support a verdict of guilty.

The case will be remanded to the trial court, with instructions to permit counsel for the city of Radford to amend the warrant in conformity with the views herein expressed.

*Reversed.*