924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Michael THOMPSON, Petitioner-Appellant,
v.
Edward W. MURRAY; Attorney General of the Commonwealth of
Virginia, Respondents-Appellees.
 No. 90-6873.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1990.
Decided Feb. 11, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-88-658-R)
 William Michael Thompson, appellant pro se.
 Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, Va., for appellees.
 W.D.Va.
 DISMISSED WITH PREJUDICE.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Thompson appeals from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. We dismiss the appeal of the district court's dismissal of the action but modify it to be with prejudice after addressing the merits.
 
 
 2
 Thompson was convicted of four counts of robbery and one count of attempted robbery, and was sentenced to a five-year suspended sentence on each conviction. On the same day, he was convicted of five counts of weapons offenses and was sentenced to consecutive two-year sentences on each conviction.
 
 
 3
 Thompson's section 2254 petition presents two grounds for relief. First, he alleges that Virginia parole officials improperly applied Va.Code Ann. Sec. 53.1-151(B1) to his sentences, resulting in the denial of discretionary parole because he only received active sentences on weapons convictions and not on armed robbery convictions. Second, Thompson alleges that the Commonwealth applied Sec. 53.1-151(B1), as amended in 1987, to him in violation of the ex post facto clause. The district court found that Thompson had exhausted the first claim but that he had not fairly presented the second claim to the Virginia state courts. Thompson moved for reconsideration of the district court's dismissal of the action without prejudice, and submitted state court pleadings in an effort to persuade the district court that he had in fact presented the claim to the Virginia Supreme Court. The district court denied Thompson's motion for reconsideration.
 
 
 4
 We find that Thompson adequately identified the ex post facto claim in his response to the respondents' motion to dismiss in state court and that it is exhausted. See Picard v. Connor, 404 U.S. 270, 277 (1971) (must give state courts opportunity to apply controlling legal principles to facts of constitutional claim). He mentioned the 1987 amendment to the statute and stated that respondents had wrongfully elected to designate him retroactively. The Virginia Supreme Court stated that it had considered the response. Because Thompson's claims have no merit as a matter of law, we will dispose of them instead of remanding the action to the district court. See Granberry v. Greer, 481 U.S. 129, 134 (1987).
 
 
 5
 The Virginia statute which governs Thompson's parole eligibility is the version of Sec. 53.1-151(B1) in effect at the time of the acts leading to his convictions. See Schwartz v. Muncy, 834 F.2d 396 (4th Cir.1987). This is the version prior to the 1987 amendment. This version denied discretionary parole for anyone convicted of three separate felony offenses of murder, rape, or armed robbery, if they were not part of a common act, transaction, or scheme. Thompson admits that he was convicted of four separate armed robberies. His only claim is that the statute does not apply because the sentences for the robberies were suspended, and he received active time on only the weapons offenses associated with the armed robberies.
 
 
 6
 Thompson, in effect, seeks to have the courts add to the statute a provision not included by the legislature. The statute only requires convictions for the armed robbery offenses and not that any sentences given for them be active instead of suspended. Courts "cannot read into a statute something that is not within the manifest intention of the Legislature, as gathered from the statute itself." Faulkner v. Town of South Boston, 141 Va. 517, 524, 127 S.E. 380, 382 (1925). Thus, the Virginia parole officials have properly applied the correct statute to deny Thompson's discretionary parole.
 
 
 7
 Thompson's ex post facto argument entitles him to no relief. Although the timing of the notification sent to Thompson suggests that the parole officials applied the amended statute to him, this caused him no harm because he was not entitled to parole under the version of the statute in effect at the time of conviction. See Watson v. Estelle, 886 F.2d 1093 (9th Cir.1989).
 
 
 8
 Accordingly, we deny Thompson's motion for the appointment of counsel, deny a certificate of probable cause to appeal, and dismiss the appeal for the reasons stated above. We modify the district court's dismissal pursuant to our authority under 28 U.S.C. Sec. 2106 to reflect that the dismissal is with prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 DISMISSED WITH PREJUDICE