# CIRCUIT COURT OF THE CITY OF NORFOLK

James Garris

v.

John M. Keifer,
Director of Public Works
of the City of Norfolk

March 1, 1999

Case No. (Chancery) C98-1860

BY JUDGE MARC JACOBSON

In regard to the above captioned cause Petitioner James Garris seeks a Writ of Mandamus to compel John M. Keifer, Director of Public Works of the City of Norfolk to issue to Petitioner a Residential Driveway Permit.

Petitioner did receive a Residential Driveway Permit by the designate of the Director of Public Works on March 27, 1998, and the permit was revoked on March 30, 1998. After the revocation, Petitioner reapplied for a Residential Driveway Permit and the application was denied. The matter comes before the Court on Petitioner's Writ of Mandamus seeking a ruling by the Court to compel the Director of Public Works to issue the Residential Driveway Permit based upon Petitioner's outstanding application for same. The Court is not considering the application for nor status of the above referred to Residential Driveway Permit that was revoked.

The Norfolk Charter, as adopted by the General Assembly, in Section 2(11) empowers the City to regulate the streets and highways in the City. Norfolk City Charter § 42-9(b) states that "The director of public works shall issue a permit for any such driveway not exceeding thirty (30) feet in width if the same meets with his approval ... ."

Virginia Code § 15.2-1125 states in part "Whenever in the judgment of the municipal corporation it is advisable in the exercise of any of its powers or in the enforcement of any ordinance or regulation, it may provide for the issuance of licenses or permits in connection therewith ... and upon such terms and conditions as the municipal corporation may determine." The State has also given local municipalities broad regulatory authority to regulate the use, construction, and encroachment of its streets. Va. Code § 15.2-2000 *et seq*; *see* Va. Code Ann. §§ 15.2-2000 to 15.2-2030.

In the case of *Richlands Medical Assoc. v. Commonwealth*, 230 Va. 384, 337 S.E.2d 737 (1985), the Virginia Supreme Court stated as follows:

> Mandamus is an extraordinary remedy employed to compel a public official to perform a purely administerial duty imposed by law .... A ministerial act is "one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard, or the exercise of, his own judgment upon the propriety of the act being done." ... .
>
> When a public official is vested with discretion or judgment, his actions are not subject to review by mandamus ... .

*Id.* at 386 (citations omitted).

Thus, the basic issue in the instant cause is whether the denial of a Residential Driveway Permit by the Director of Public Works of the City of Norfolk was a discretionary act or a ministerial act. This Court would not have the authority to compel the exercise of an act if it was discretionary by the remedy of a writ of mandamus. Petitioner alleges and takes the position that the act of issuing a Residential Driveway Permit by the Director is ministerial, and the Director takes the position that the decision of the Director not to grant the Residential Driveway Permit was a discretionary act on his part.

In accordance with Norfolk City Charter § 42-9(b), the Director *shall* issue the permit requested by Petitioner for a residential driveway if the same *meets with his approval.* (Emphasis added.)

In construing an ordinance or statute, this Court is bound by and limited to the language contained in such ordinance or statute. This principle is enunciated in the case of *Greenberg v. Commonwealth*, 255 Va. 594, 499 S.E.2d 266 (1998), where the Virginia Supreme Court stated:

> Our duty is "to construe the law as it is written." *Hampton Roads Sanitation Dist. Comm'n v. Chesapeake*, 218 Va. 696, 702, 240

S.E.2d 819, 823 (1978). We assume that "the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words ... ." *Barr v. Town & Country Properties, Inc.,* 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). "To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret." *Faulkner v. Town of South Boston,* 141 Va. 517, 524, 127 S.E. 380, 382 (1925).

*Id.* at 600.

By use of the words "if the same meets with his approval," this Court can only consider those words and the significance of those words. "Approval" does mean, in effect, the act of approving, and it is clear that the power or authority to "approve" does rest within the province of the Director and, in effect, is discretionary with the Director. Thus this Court rules that, as a matter of law, the act of approving or not approving the Residential Driveway Permit which Petitioner seeks by way of Writ of Mandamus is a discretionary one on the part of the Director and not ministerial.

Evidence was not presented as to whether or not the act of denying the Residential Driveway Permit by the Director was arbitrary or capricious, nor would that be appropriate relative to the Writ of Mandamus which Petitioner seeks.