### Whitmire v. Commonwealth.

(Decided November 17, 1910.)

### Appeal from Caldwell Circuit Court.

1. Intoxicating Liquors—Selling in Local Option Town—Sent From Another State—Interstate Commerce.—Where W. in a local option town upon inquiry by P. as to where she could get some whiskey, told her he could order it for her from a Distilling Company at Evansville, Indiana, and at her request furnished her a blank order on said company which at her further request he filled out and left with her, telling her to mail it with $2.00 to the manager who would send it to her, which she did and received the whiskey the next day from the express office at Princeton, Kentucky. Held, these facts fail to show a violation of the local option law, but was a sale made to P. in Indiana, and besides it was Interstate Commerce.

2. Same—Absence of Statute Against Soliciting Orders.—We have not in Kentucky as in South Dakota, and perhaps other states, a

statute prohibiting the soliciting of orders for intoxicating liquors in local option towns and in the absence of such a statute one cannot be punished for advising a purchaser of whisky how and from whom to get it, or for furnishing and filling an order therefor to another.

SINGLETON D. HODGE, HODGE & HODGE for appellant.

JAMES BREATHITT, Attorney General; TOM B. McGREGOR, Assistant Attorney General, and R. W. LISANBY, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was tried and convicted under a warrant from the Princeton police court charging him with the offense of selling spirituous liquor in local option territory. He appealed to the Caldwell circuit court and on the trial before a jury in that court was again convicted, his punishment being fixed at a fine of $60 and thirty days in jail. The present appeal is from that judgment.

The evidence appearing in the bill of exceptions shows, in substance, that one Easter Petit wanted to know of appellant if he would sell her some whisky and that he told her he had no whisky and could not sell her any, but that he could order the whisky from A. J. Adler, manager of the Crescent City Distilling Company, of Evansville, Indiana; and that he thereupon, at Easter's request furnished her a blank order on Adler for the whisky which, at her further request, he filled out and left with her, at the time telling her to mail the order with $2, to Adler, who would on receipt of same send her the whisky by express. The evidence further shows that Easter Petit herself mailed the order and $2 to Adler, and that the whisky reached Princeton by express the following day and was taken from the express office and delivered to her by her brother, Joe Petit, who at her request acted as her messenger. The whisky was never in appellant's possession, nor was he paid for the whisky by Easter, or compensated by her for the assistance he gave her in getting it. If appellant was ever compensated by Adler for the sale of the whisky, it was not made to appear from the evidence.

The above facts fail to show a violation of the local option law. On the contrary they show that the sale of the whisky was made to Easter Petit in Indiana where it was delivered by Adler to the express company after he had there received the order and money for same. James

v. Commonwealth, 102 Ky. 108; Doores v. Commonwealth, 121 Ky. 226.

Besides, the transaction was interstate commerce because it was one between citizens of different states; the whisky being shipped from Indiana where it was sold, to Kentucky where it was delivered to the purchaser and consignee. Adams Express Company v. Kentucky, 206 U. S. 129.

If it be true, as contended for the Commonwealth, that appellant should be held to have solicited the order from the purchaser for the whisky, that fact did not constitute the transaction a sale in the city of Princeton; it was only a step preliminary to the sale, which took place in Evansville, Indiana, where the whisky was stored, after Adler received the order and money from Easter Petit and when he delivered to the express company, consigned to her, the quantity of whisky designated in the order.

We have not in Kentucky, as in South Dakota, and perhaps other states, a statute prohibiting the soliciting of orders for intoxicating liquors, and in the absence of such a statute appellant cannot be punished for advising the purchaser of the whisky in question, how and from whom to get it, or for furnishing and filling for her, at her request, a blank order for that purpose.

It is our conclusion that the circuit court, in view of the Commonwealth's failure to present any evidence of appellant's guilt, should have peremptorily instructed the jury to acquit him.

Wherefore, the judgment is reversed and cause remanded for a new trial and other proceedings in conformity to the opinion.