## Kahn's Sons v. Commonwealth.

(Decided April 25, 1911.)

### Appeal from Edmonson Circuit Court.

Intoxicating liquors—Where sale of, takes place—When the agent of a non-resident whiskey house takes an order, subject to the approval of his house, for whiskey in local option territory in this State, and sends it to his house, and it accepts the order and sends the whiskey as an article of interstate commerce from the other State to the customer in this one, the sale of the whiskey takes place in the foreign State, and the foreign house that received and accepted the order and shipped the whiskey is not guilty of violating the local option law of this State.

M. M. LOGAN, ORA E. HAZELIP, for appellant.

JAMES BREATHITT, Attorney-General, TOM B. McGREGOR, Assistant Attorney-General for appellee.

Opinion of the Court by Judge Carroll—Reversing.

The appellant, a corporation doing a wholesale grocery and liquor business in Evansville, Indiana, was indicted by the grand jury of Edmonson county for the offense of unlawfully selling by retail, to W. D. Spillman, spirituous, vinous and malt liquors in Edmonson county,

in which county the local option law was at the time in force and effect. It appears from the agreed statement of facts that the appellee is a corporation organized under the laws of the State of Indiana—that its principal place of business is in the city of Evansville in that State—that the business in which it is engaged is wholesaling groceries and liquors. That one J. H. Baucom is in good faith a traveling salesman for it, and takes orders from the retail trade, which he forwards to it at Evansville, Indiana, for its approval. That these orders so taken by Baucom are not binding until approved by it. That Baucom has the right to and does collect the amount of accounts, and forwards the checks or money, as the case may be, to it. That Baucom took an order for a bill of goods from W. B. Spillman, a retail merchant of Edmonson county, and included in and as part of the order so taken from Spillman was a package of whiskey. That this order was forwarded to the appellant at Evansville, Indiana, by Baucom, and there accepted and approved by it, and the bill of goods, including the whiskey, shipped to Spillman at Brownsville, in Edmonson county, Kentucky—being delivered for that purpose to a common carrier at Evansville, Indiana, consigned to Spillman at Brownsville. That the goods, including the whiskey, were delivered by the common carrier to Spillman and that when the bill became due, which was thirty days after the delivery of the goods, Spillman paid the same by delivering to Baucom a check for the amount, which check was payable to appellant and forwarded by Baucom to it at Evansville, Ind.

Upon these facts the lower court found that the sale of the whiskey was made in Edmonson county, and that the appellant was guilty of the offense charged in the indictment and entered judgment for the statutory penalty against it.

The case of Whitmire v. Commonwealth, 140 Ky., 734, is conclusive of the proposition that the appellant did not, according to the agreed statement of facts, violate the laws of this State. In the Whitmire case it appears that one Easter Petit applied to Whitmire to sell her some whiskey; that he told her he could not sell her any, but would order whiskey for her from A. J. Adler, of the Crescent City Distilling Company at Evansville, Indiana; thereupon at her request, he furnished

her a blank order on Adler for the whiskey, which he filled out and left with her, telling her to mail the order and two dollars to Adler, who would on receipt of same send her the whiskey by express. The evidence further showed that Easter Petit herself mailed the order and two dollars to Adler, and that the whiskey reached Princeton by express the following day, and was taken from the express office and delivered to her by her brother, Joe Petit, who at her request acted as her messenger. In the course of the opinion the court said:

"Besides, the transaction was interstate commerce because it was one between citizens of different States; the whiskey being shipped from Indiana where it was sold, to Kentucky where it was delivered to the purchaser and consignee. Adams Express Co. v. Kentucky, 206 U. S., 129.

If it be true, as contended for the Commonwealth, that appellant should be held to have solicited the order from the purchaser for the whiskey, that fact did not constitute the transaction a sale in the city of Princeton; it was only a step preliminary to the sale, which took place in Evansville, Indiana, where the whiskey was stored, after Adler received the order and money from Easter Petit and when he delivered to the express company, consigned to her, the quantity of whiskey designated in the order.

We have not in Kentucky, as in South Dakota, and perhaps other States, a statute prohibiting the soliciting of orders for intoxicating liquors, and in the absence of such a statute appellant can not be punished for advising the purchaser of the whiskey in question, how and from whom to get it, or for furnishing and filling for her, at her request, a blank order for that purpose. It is our opinion that the circuit court should have peremptorily instructed the jury to acquit him."

It is true that in the Whitmire case the agent was indicted, and in this case the principal was indicted; but, it is manifest that in the absence of a statute prohibiting the soliciting of orders for intoxicating liquors in territory where the sale of such liquors is prohibited, the person to whom such order is sent to be filled and who resides in another State and who ships the whiskey ordered as an article of interstate commerce from the other State to the person ordering it, does not commit any violation of our laws. For, as said in the Whitmire

case, the sale takes place in the State where the whiskey is stored and from which place it is shipped to the consignee as an article of interstate commerce:

If the appellant had written a letter to Spillman, and in this way had solicited the order, it is clear that it would not have been guilty of a violation of our laws, and we are unable to see any difference between an order thus solicited and an order solicited by an agent. In fact, the mere act of soliciting orders for whiskey in local option territory by a non-resident whiskey house, whether it be through an agent or by correspondence, is not in and of itself an offense against our laws. This doctrine has been settled in numerous cases. Therefore, this case comes down to this—did the appellant, who is a non-resident of this State, offend against our statute in shipping whiskey as an article of interstate commerce from the foreign State to a customer in local option territory in this State? Under all the authorities, such a sale would be made and consummated in the foreign State, and so the seller could not be punished for a violation of our laws.

Wherefore, the judgment is reversed, with directions to enter a judgment for the appellant.