## Commonwealth v. Gast, Crofts & Co., et al.

(Decided May 16, 1911.)

Appeal from Clay Circuit Court.

1. Intoxicating Liquors—Soliciting Orders For—No Statute Placing Penalty Therefor—There is no statute in this State placing a penalty upon persons who solicit orders for intoxicating liquors.

2. Same—The record showing that the sale and delivery complained of were made in Jefferson county and not in Clay, no law was violated and the prosecution was properly dismissed.

JAMES BREATHITT, Attorney General, T. B. BLAKEY, Assistant Attorney General for appellant.

J. W. WRIGHT for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The grand jury of Clay County returned the following indictment against appellees, to-wit:

"The grand jury of Clay County, in the name and by the authority of the Commonwealth of Kentucky, accuse Gast, Crofts & Company, a corporation organized and existing under the laws of Kentucky, and authorized to sue and be sued, contract and be contracted with and under the corporate name of Gast, Crofts & Co., with its principal office in Jefferson County, Kentucky, and Charley House of the offense of unlawfully selling, bartering and loaning to another person, directly and indirectly, a beverage, liquid mixture and decoction which caused and produced intoxication, committed in the manner and form as follows, viz.:

"The said Gast, Crofts & Co., a corporation, and Charley House did on the 19th day of January, 1910, in the county, circuit and State aforesaid; and before the finding of the indictment herein, unlawfully sell, barter and loan to Frank Davis directly and indirectly, in the county aforesaid where the sale of spirituous, vinous and malt liquors is prohibited in accordance with the local option law, a beverage liquid mixture and decoction which caused and produced intoxication, to-wit: Cider.

"Against the peace and dignity of the Commonwealth of Kentucky."

Appellees were placed on trial at the October term, 1910, of the Clay Circuit Court. The jury returned a verdict of guilty, fixing House's penalty at a $20 fine and the corporation's at $75. They filed grounds for a new trial at the same term; the first being that the court failed to properly instruct the jury and erred in refusing to give a peremptory instruction in their behalf; second, because the verdict was not sustained by the evidence and was contrary to law; third, because they nor either of them were guilty of the offense charged in the indictment. The court continued the motion until the February term, 1911, and then sustained it by granting a new trial, and in the order granting the trial the court inserted the following:

"And it further appearing to the court that on retrial of this case the evidence would be the same as on the former trial, and the Commonwealth's attorney having conceded this to be true, and the court being of the opinion that said evidence does not and would not make out a case of guilt. It is, therefore, ordered and adjudged that the said case and indictment be and same is dismissed, and the defendant is discharged, to all of which plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted."

We have no means of knowing what errors, if any, were committed on the trial of appellees, as there is no bill of exceptions filed to show the objections and exceptions made and taken on the trial, nor are the instructions which were given, before us. We can not determine from the record whether the court committed any errors upon the trial of appellees or not, nor can we say that the court abused its sound discretion in granting them a new trial.

We are also of the opinion that the lower court did not err in concluding that the evidence introduced upon the former trial was not sufficient to convict. House was only a traveling salesman who solicited Davis, a merchant, to make and sign an order to his house, the appellant corporation, for a bill of goods, and the cider was among the goods ordered. The order was for sweet, non-intoxicating cider. House did not sell or deliver him the cider. There is no statute in this State placing a penalty upon persons who solicit orders for intoxicating liquors. This court has passed upon such questions before. See the cases of Whitmire v. Commonwealth, 140 Ky., 734, and Kahn's Sons v. Commonwealth, 143 Ky., 297.

Appellee corporation did not make any sale or delivery of an intoxicating beverage, to-wit, cider to Davis in a local option district. The order was sent by Davis from Manchester to their place of business in Jefferson County, and the corporation parted with the property and the possession when it delivered the order to the railroad, a common carrier, in Jefferson County. (McDermott v. Commonwealth, 29 Ky. Law Rep., 750 and 752, and Commonwealth v. Price & Lucas Cider and Vinegar Co., 31 Ky. Law Rep., 1356.)

Therefore, as the sale and delivery were made in Jefferson County and not in Clay, appellees violated no law, and the judgment is affirmed.