## Commonwealth v. Lexington Brewing Company.

(Decided April 11, 1912.))

### Appeal from Marion Circuit Court.

1. Local Option—Sale of Liquors—Place of Delivery Place of Sale —Under the act of 1906, spirituous liquors are sold by the seller at the place where they are delivered to the carrier for shipment to the person who so ordered them by mail; that act only making the place of delivery the place of sale as against the carrier.

2. Local Option—Liquors—Manufacturer, When Cannot Be Indicted. —The manufacturer who bottles lager beer as malt mead, and

so sells it at his residence, cannot be indicted at the residence of the consignee in a different part of the State for violation of the local option law, although he may be liable in damages to the person to whom the stuff is sold for fraud.

H. W. RIVES, S. S. HILL, H. S. McELROY and JAMES GARNETT, Attorney General for appellant.

WILLIAM W. SPALDING and GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

George Yaffe was conducting a soft drink establishment in Lebanon, Kentucky, where the local option law is in force. He ordered through a drummer of the Lexington Brewing Company a lot of malt mead. The order given the drummer was received by the Lexington Brewing Company at Lexington, and there approved. The goods were shipped from Lexington to Yaffe by rail. He began selling the goods, and some of the bottles were examined by a chemist on the application of the police authorities. It turned out that the contents of the bottles was lager beer containing a little more alcohol than beer ordinarily contains, although the bottles were externally marked malt mead. Thereupon the Lexington Brewing Company was indicted by the grand jury at Lebanon charged with selling to George Yaffe malt liquors in violation of the local option act. The court at the conclusion of the evidence which showed the above facts, instructed the jury peremptorily to find the defendant not guilty, and the prosecution having been dismissed, the Commonwealth appeals.

It is insisted for the Commonwealth that although the order for the goods was accepted in Lexington, and the goods were there delivered to the carrier for transportation to the consignee, the sale of the goods under section 2569a, Kentucky Statutes, was made in Lebanon. That section is the act of 1906, which makes it unlawful for carriers to carry spirituous, vinous and malt liquors into local option districts. The part of the act which is relied on is in these words:

"And the place of delivery of such liquors shall be held to be the place of sale: Provided further, That the provisions of this act shall only apply to common carriers, corporations, firms or individuals who usually carry freight or goods for hire; and every firm, common

carrier, corporation or individual who receives pay for conveying vinous, malt or spirituous liquors shall be deemed a violator of the provisions hereof.''

It will be observed that although it is provided that the place of delivery of such liquors shall be held to be the place of sale, these words are followed by the proviso that the act shall only apply to carriers. As to every body else except carriers, the law remains as it was before the act was passed, as its provisions only apply to carriers. The provision of the act that the place of delivery of such liquors, shall be held to be the place of sale only applies to carriers; that is, the place of delivery is the place of sale as against the carriers; but it is not made the place of sale as against the seller; for by the express provisions of the act, it does not apply to the seller. Accordingly we have held in a number of cases that where whiskey is ordered to be shipped, the sale as against the seller is made where the order is accepted and the shipment made. (Doores v. Commonwealth, 121 Ky., 226; McDermott v. Commonwealth, 29 R., 750; Commonwealth v. Bottom, 140 Ky., 212; Whitmire v. Commonwealth, 140 Ky., 734; Commonwealth v. Gast, &c., 143 Ky., 674, and cases cited.) While the point made here was not made in any of these cases, it was necessarily involved in all of them, the facts in those cases being practically the same as the facts are here. The court, therefore, properly instructed the jury to find the defendant not guilty.

The Commonwealth also complains that the following evidence which it offered on the trial was not allowed:

"Q. I will get you to state whether or not after you met Mr. Fisher in this county of Marion, you had any conversation with him with reference to the sale of this Malt Mead, ''Dixie'' and ''Blue Grass'' in this county, if so, give the conversation?''

The court sustained the objection to the question and refused to permit the witness to answer, to which the Commonwealth excepted, and avowed as follows:

"If the witness was permitted to answer, he would state that he took the train for Somerset, expecting to buy a stock of drinks, and shortly after he got on the train here in Lebanon, he was approached by Mr. Fisher, representative or traveling salesman of the Lexington Brewing Company, and asked where he was going. He told him that he was going to Somerset to lay in a stock

of soft drinks. He then said to him: 'Let me sell you all the goods you want for the Lexington Brewing Company; we thoroughly understand the local option laws, and we know just exactly how to get around them, and I will sell you a goods that will meet with a ready sale, in fact, it's a big seller; and if you get into any trouble on account of selling our goods we will stand behind you and see you are protected. In other words, we will protect you from all danger or against any trouble that may grow out of the sale of it, for we have had sufficient experience to know how to dodge the local option law.''

This evidence, if admitted, could have thrown no light upon the question before the court. The sale of the goods having been made in Lexington, the defendant can not be punished for selling the goods at Lebanon. The only question here is where the sale was made. The person who sold these goods in Lebanon may be punished for selling them there; for it is incumbent on those who sell such goods to know what they are selling. If he is imposed on by his vendor, he may recover the damages sustained by reason of the fraud in an action against his vendor, but the vendor can not for this be prosecuted in Lebanon under the local option act by the Commonwealth.

Judgment affirmed.