## Josselson Brothers v. Commonwealth.

(Decided May 8, 1914.)

## Appeal from Carter Circuit Court.

1. Intoxicating Liquors—Local Option Law—Place of Sale.—Where an order for whiskey, accompanied by the purchase price, is received by the seller in a county where intoxicating liquors may lawfully be sold, and, pursuant to said order, the whiskey is delivered to a common carrier, consigned to the purchaser in a local option county, the sale takes place in the county in which the order is received, and is not, therefore, a violation of the local option law.

2. Intoxicating Liquors—Construction of Act of 1912—Procurement Where Liquor May Be Sold.—The Act of 1912, making it unlawful to purchase or procure intoxicating liquors as the agent of the seller or buyer, refers to the purchase or procurement of it in prohibited territory.

GEORGE B. MARTIN for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorne·· General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Defendants, Josselson Brothers, were convicted of a violation of the local option law, their punishment being fixed at a fine of $100 and confinement in the county jail for a period of 20 days. They appeal.

It is insisted that the demurrer to the indictment should have been sustained, but in view of our conclusion that the facts do not warrant a conviction, we deem it unnecessary to consider that question.

The case was tried on an agreed statement of facts.

From this statement it appears that the local option law is in force in Carter county, but not in force in Catlettsburg, Boyd county. Defendants, at the time of the transaction complained of, were engaged in the wholesale and retail liquor business in Catlettsburg. The prosecuting witness, J. R. Stidham, who lived in Carter county, on February 16, 1914, wrote the defendants requesting them to ship to him at Grayson, a town in Carter county, four quarts of Old Taylor whisky. Accompanying the letter was a postoffice money order for $4.40, to pay for the whisky. The letter was mailed in Grayson, and received by the defendants at Catlettsburg, Boyd county. Thereupon defendants delivered the whisky, consigned to Stidham at Grayson, to the Adams Express Company, a common carrier, at Catlettsburg. It will be observed, therefore, that both the order and the purchase price were received in Catlettsburg, and that, pursuant to said order, the whisky was delivered in Catlettsburg to a common carrier, consigned to the prosecuting witness in Carter county. Under these circumstances, the common carrier was the agent of the purchaser, and the title to the whisky vested in the purchaser on its delivery to the common carrier, and the sale therefore took place in Catlettsburg and not in Carter county. Josselson v. Commonwealth, 154 Ky., 795; Commonwealth v. Gast, &c., 143 Ky., 674; Parker v. Commonwealth, 147 Ky., 715; Geo. Wiedemann Brew. Co., v. Commonwealth, 123 Ky., 556. It follows that the facts are not sufficient to sustain a conviction under Sections 2557 and 2557a, Kentucky Statutes.

Nor are the facts sufficient to make out a case under Chapter 146, page 656, Acts of 1912, making it unlawful for any person, firm or corporation, either as the agent of the buyer or the seller, to purchase or procure for another intoxicating liquors in local option territory. In construing this act it has been held that the purchase or procurement must take place in local option territory. It does not apply to the purchase or procurement of intoxicating liquors in territory where they may be lawfully purchased or procured. Calhoun v. Commonwealth, 154 Ky., 70; Josselson v. Commonwealth, *supra.* In this case the whisky was neither purchased nor procured in local option territory.

It follows that the trial court erred in not directing the jury to acquit the defendants.

Judgment reversed and cause remanded for proceedings consistent with this opinion.