## Josselson Brothers v. Commonwealth.

### Same v. Same.

(Decided June 9, 1914.)

## Appeals from Elliott Circuit Court.

1. Intoxicating Liquors—Local Option Law—Place of Sale.—When an order for whiskey, accompanied by the purchase price, is received by the seller in a county where intoxicating liquors may lawfully be sold, and, pursuant to such order, the whisky is delivered to a common carrier at the place of the seller's residence, consigned to the purchaser in a local option county, the law regards the sale as taking place in the county in which the order is received and the seller's place of business is located. The sale under such circumstances is not, therefore, a violation of the local option law.

2. Intoxicating Liquors—Construction of Act of 1912—Procurement of Liquor Where It May Be Sold.—The act of 1912, making it unlawful to purchase or procure intoxicating liquor as the agent of the seller or buyer refers to the purchase or procurement of it in territory where its sale is prohibited.

GEORGE B. MARTIN,  D. M. HOWERTON for appellant.

JAMES GARNETT, Attorney General, R. T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The above two appeals having by agreement of the parties been submitted together will by us be considered together and the one opinion made to apply to both, the evidence in the two cases being practically the same.

It appears from the bills of evidence that the prosecuting witness in each case mailed an order from Elliott County to the appellants, who were engaged in the whiskey business at Catlettsburg, Boyd County, directing the shipment of a gallon of whiskey to each of them, each sending with his order the purchase price for the gallon to be sent him. Elliott County is "dry" or local option territory. Local option is not in force in Catlettsburg. Each order for the whiskey, together with the purchase price, was received by appellants at their place of business in Catlettsburg in Boyd county, and they delivered to the Adams Express Company at Catlettsburg the quantity of whiskey ordered and paid for by each of the purchasers, to be shipped to them, respectively, in Elliott County. For each sale of whiskey thus made an indictment was found and returned against the appellants in Elliott County and upon trial thereunder in the Elliott Circuit Court they were found guilty and their punishment fixed, in one of the cases at a fine of $100.00 and thirty days' imprisonment in the county jail, and in the other at a fine of $85.00. Appellants were refused a new trial in each case, hence these appeals.

In Josselson Brothers v. Commonwealth, 158 Ky., 787, upon a similar sale of whiskey made on the order of a purchaser from Carter County, under the same circumstances, appellants were found guilty and fined in the Carter Circuit Court and on their appeal the judgment was reversed, it being therein held that the facts upon which appellants' conviction was secured did not prove them guilty of the offense charged in the indictment. In the opinion, after commenting upon the evidence, it is said:

"It will be observed, therefore, that both the order and the purchase price were received in Catlettsburg, and that, pursuant to said order, the whiskey was delivered in Catlettsburg to a common carrier, consigned to the prosecuting witness in Carter County. Under these circumstances, the common carrier was the agent of the purchaser, and the title to the whiskey vested in the purchaser on its delivery to the common carrier, and

the sale, therefore, took place in Catlettsburg and not in Carter County. Josselson v. Commonwealth, 154 Ky., 795; Commonwealth v. Gast, etc., 143 Ky., 674; Parker v. Commonwealth, 147 Ky., 715; Geo. Wiedemann Brew. Co. v. Commonwealth, 123 Ky., 556. It follows that the facts are not sufficient to sustain a conviction under sections 2557 and 2557a, Kentucky Statutes.''

''Nor are the facts sufficient to make out a case under chapter 146, page 656, Acts of 1912, making it unlawful for any person, firm or corporation, either as the agent of the buyer or the seller, to purchase or procure for another intoxicating liquors in local option territory. In construing this act it has been held that the purchase or procurement must take place in local option territory. It does not apply to the purchase or procurement of intoxicating liquors in territory where they may be lawfully purchased or procured. Calhoun v. Commonwealth, 154 Ky., 70; Josselson v. Commonwealth, *supra*. In this case the whiskey was neither purchased nor procured in local option territory. It follows that the trial court erred in not directing the jury to acquit the defendants.''

The opinion in the case *supra* is conclusive of the questions raised in the instant cases and must control the decision in each of them. For the reasons indicated the judgment in each case is reversed and the cases remanded for further proceedings consistent with this opinion.