## American Pure Food Company v. Commonwealth.

(Decided June 9, 1914.)

### Appeal from Elliott Circuit Court.

1.  Intoxicating Liquors—Local Option Law—Place of Sale.—When an order for whisky, accompanied by the purchase price, is received by the seller in a county where intoxicating liquors may lawfully be sold, and, pursuant to such order, the whisky is delivered to a common carrier at the place of the seller's residence, consigned to the purchaser in a local option county, the law regards the sale as taking place in the county in which the order is received and the seller's place of business is located. The sale under such circumstances is not, therefore, a violation of the local option law.

2. Intoxicating Liquors—Construction of Act of 1912—Procurement of Liquor Where It May Be Sold.—The act of 1912, making it unlawful to purchase or procure intoxicating liquor as the agent of the seller or buyer refers to the purchase or procurement of it in territory where its sale is prohibited.

GEORGE B. MARTIN, D. M. HOWERTON for appellant.

JAMES GARNETT, Attorney General, R. T. CALDWELL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

It appears from the record in this court that the appellant, American Pure Food Company, was tried, convicted and fined $100.00 under an indictment in the Elliott Circuit Court charging identically the same offense as that charged against the appellants in the two cases of Josselson Brothers v. Commonwealth, this day decided.

The sale of the whiskey for which appellant was indicted was made in Catlettsburg, its place of business, under the same circumstances that attended the sales of whiskey made by the Josselson Brothers in the cases *supra.* Upon the facts presented we must hold as in those cases that the conviction of appellant was unauthorized, and as the one opinion in those cases must control in this case, it is deemed unnecessary to here state the reasons compelling us to reverse the judgment of which appellant, American Pure Food Company, complains. Wherefore, the judgment is reversed and cause remanded for further proceedings consistent with the opinion.