## Rist v. Commonwealth.

(Decided September 25, 1914.)

### Appeal from Carter Circuit Court.

1. Intoxicating Liquors—Local Option Law—Place of Sale.—When an order for whiskey, accompanied by the purchase price, is received by the seller in a county where intoxicating liquors may lawfully be sold, and, pursuant to such order, the whiskey is delivered to a common carrier at the place of the seller's residence, consigned to the purchaser in a local option county, the law regards the sale as taking place in the county in which the order is received and the seller's place of business is located. The sale under such circumstances is not, therefore, a violation of the local option law.

2. Intoxicating Liquors—Construction of Act of 1912—Procurement of Liquor Where it May Be Sold.—The act of 1912, making it unlawful to purchase or procure intoxicating liquor as the agent of the seller or buyer refers to the purchase or procurement of it in territory where its sale is prohibited.

3. Appeal—Law of the Case—Authoritativeness of the Decisions of Court of Appeals—Necessity for Obedience of Inferior Courts Thereto.—A decision of the Court of Appeals in any given case is the law, not only of that case, but of all other cases subsequently arising in the inferior courts of the State which involve a like question of facts. So, where the law as to any question or state of case has been repeatedly and finally settled by the appellate court, it is but a waste of the time of that court and an obstruction to the rights of other litigants, to compel it to entertain further appeals involving the same question.

GEORGE B. MARTIN for appellant.

JAMES GARNETT, Attorney General; R. T. CALDWELL, Law Clerk, and JOHN M. WAUGH, Commonwealth Attorney, for appellee.

Opinion of the Court by Judge Settle—Reversing.

The appellant, John F. Rist, a resident of the City of Catlettsburg, Boyd County, this State, was tried in the Circuit Court of Carter County under an indictment charging him with the offense of unlawfully selling by retail in Carter County, where local option was in force, spirituous liquors. The trial resulted in his conviction, the punishment being fixed by the verdict of the jury and judgment of the court at a fine of one hundred dollars and ten days' imprisonment in jail. His conviction and the refusal of the circuit court to grant him a new trial resulted in this appeal.

It conclusively appears from the evidence that the sale of the whiskey in question was made by appellant to the prosecuting witness, Robert Collier, of Carter County, upon the written order of the latter, accompanied by a postal money order for the purchase price of the whiskey, mailed from Carter County and received by him at Catlettsburg, Boyd County. The order for the whiskey directed that it be shipped by express from Catlettsburg to Collier in Carter County. Upon receiving Collier's order for the whiskey and the purchase price for the same, appellant delivered the whiskey to the express company at Catlettsburg with the charge of shipment prepaid, and the whiskey was thereupon transported by the express company to Carter County and there delivered to the purchaser. It is admitted that at the time of the sale and shipment of the whiskey appellant was a licensed retail dealer of spirituous, vinous and malt liquors at and in Catlettsburg, Boyd County, and that local option was not then and is not now in force in the City of Catlettsburg or Boyd County, but that Carter County is and was at that time "dry," that is, territory in which local option is in force. By reference to the opinions in the cases of Josselson Bros. v. Commonwealth, 158 Ky., 787; Josselson Bros. v. Commonwealth, 159 Ky., 468; American Pure Food Co. v. Commonwealth, 159 Ky., 470, it will be found that the facts upon which the trial court permitted the appellant to be convicted in the instant case are precisely the same as the facts presented in the cases, *supra;* and that in each of those cases it was held by this court that such facts did not authorize the conviction of the persons or any of them indicted for the offense here charged.

In the opinion of the first of the cases cited it is said:

"It will be observed, therefore, that both the order and the purchase price were received in Catlettsburg, and that, pursuant to said order, the whiskey was delivered in Catlettsburg to a common carrier, consigned to the prosecuting witness in Carter County. Under these circumstances, the common carrier was the agent of the purchaser, and the title to the whiskey vested in the purchaser on its delivery to the common carrier, and the sale, therefore, took place in Catlettsburg and not in Carter County. Josselson v. Commonwealth, 154 Ky., 795; Commonwealth v. Gast, etc., 143 Ky., 674; Parker v. Commonwealth, 147 Ky., 715; Geo. Wiedemann Brewing Co. v. Commonwealth, 123 Ky., 556. It follows that the facts are not sufficient to sustain a conviction under Sections 2557 and 2557-a, Kentucky Statutes. Nor are the facts sufficient to make out a case under Chapter 146, page 656, Acts of 1912, making it unlawful for any person, firm or corporation, either as the agent of the buyer or the seller, to purchase or procure for another intoxicating liquors in local option territory. In construing this act it has been held that the purchase or procurement must take place in local option territory. It does not apply to the purchase or procurement of intoxicating liquors in territory where they may be lawfully purchased or procured. Calhoun v. Commonwealth, 154 Ky., 70; Josselson v. Commonwealth, supra. In this case the whiskey was neither purchased nor procured in local option territory. It follows that the trial court erred in not directing the jury to acquit the defendants."

The opinion in the case, supra, and those of the cases cited therein, being conclusive of the questions raised in the instant case, must necessarily control the decision thereof. It, therefore, follows that the circuit court erred in refusing to peremptorily instruct the jury to acquit the appellant as requested by him at the conclusion of the Commonwealth's evidence.

As each of the cases cited in the opinion holds that such a sale of whiskey as the evidence shows was made in this case by the appellant does not constitute a violation of the local option law, and two of them (Josselson v. Commonwealth, 159 Ky., 468; American Pure Food Co. v. Commonwealth, 158 Ky., 470) were appeals from the district of the circuit judge who presided at

the trial in this case, we are at a loss to understand why his rulings therein were not made to conform to the principles announced in those cases; and it does not appear from the record that the trial judge was of the opinion that the facts of the instant case in any manner differentiate it from the cases, *supra*.

The Court of Appeals is the court of last resort in this State. Its decision in any given case is the law, not only of that case, but of all other cases subsequently arising in the inferior courts of the State, which involve substantially a like question of law and fact; and this is true whether the decision of the appellate court does or does not declare the law in conformity to the view held on the question involved by the judge of the inferior court. So, where the law with respect to any question or state of case has been repeatedly and finally settled, as has been the question here involved, by this court, it is but a waste of the time of the court and an obstruction to the rights of other litigants, to compel it to entertain further appeals involving the same question. Obedience on the part of the judge of the court below to the previous decisions of this court in the several appeals from his district involving the same question of law and fact here raised, would have rendered unnecessary the present appeal and saved to the litigants the costs resulting from its prosecution.

Judgment reversed and cause remanded for a new trial consistent with the opinion.