## Rist v. Commonwealth.

### Same v. Same.

### Same v. Same.

### Same v. Same.

(Decided January 12, 1915.)

Appeals from Lawrence Circuit Court.

1. Intoxicating Liquors—Procurement Where Liquor May be Sold.—In prosecutions for violation of the local option law it is neces-

sary, in order to make the sale unlawful, that the purchase shall be made in local option territory; the act does not apply to the purchase or procurement of intoxicating liquors in territory where they may be lawfully purchased or procured.

2. Intoxicating Liquors—Local Option Law—Place of Sale.—Where an order for whiskey, accompanied by the purchase price, is received by the seller in a county where intoxicating liquors may lawfully be sold, and, pursuant to said order, the whiskey is delivered to a common carrier, consigned to the purchaser in a local option county, the sale takes place in the county in which the order is received, and is not a violation of the local option law.

D. M. HOWERTON and GEORGE B. MARTIN for appellant.

JAMES GARNETT, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing in each case.

The appellant, John F. Rist, was indicted four times in the Lawrence Circuit Court for selling intoxicating liquors in local option territory. The four cases involve identical questions of law and will be disposed of in one opinion. In three of the cases the prosecuting witness sent by mail from Louisa, where the local option law is in force, a letter to Rist at Catlettsburg, where the local option law is not in force, ordering whisky, and enclosing therewith money, or a money order, to pay for the whisky. In the other case the prosecuting witness sent the letter and money from Torchlight, in which the local option law is in force, to Rist at Catlettsburg.

In each instance Rist received the letter and money at Cattlettsburg; and, in accordance with the order, delivered the whisky to the Adams Express Company at Catlettsburg, consigned in three instances to the purchaser at his address in Louisa, and in the other instance to the purchaser in Torchlight. Upon a trial under these facts, Rist was fined $80.00 in one case; $100.00 in the second case; $100.00 and punished with confinement in jail for forty days in the third case; and a fine of $100.00 and ten days in jail in the fourth case. From those judgments these appeals are prosecuted.

Rist was a licensed liquor dealer in Catlettsburg, in which, as above stated, the local option law was not in force. It has been repeatedly held in prosecutions of this character that in order to make the sale unlawful the purchase must be made in local option territory.

The statute does not apply to the purchase or procurement of intoxicating liquors in territory where they may be lawfully purchased or procured; and, in applying the statute to the facts in cases precisely like the case at bar, it has repeatedly been held that when an order for whisky, accompanied by the purchase price, is received by the seller in a place where intoxicating liquors may lawfully be sold, and, pursuant to such order, the whisky is delivered to a common carrier at the place of the seller's residence, consigned to the purchaser in a local option place, the law regards the sale·as taking place in the county or town in which the order is received and the seller's place of business is located.

Under such circumstances the sale is made in "wet" territory and is, consequently, not a violation of the local option law. It was so expressly held in Geo. Wiedemann Brewing Co. v. Commonwealth, 123 Ky., 556; Commonwealth v. Gast, 143 Ky., 674; Parker v. Commonwealth, 147 Ky., 715; Josselson v. Commonwealth, 154 Ky., 795; Josselson Bros. v. Commonwealth, 158 Ky., 787; Josselson Bros. v. Commonwealth, 159 Ky., 468; and Rist v. Commonwealth, 159 Ky., 753. By referring to the opinions in the cases above cited it will be seen that the facts upon which the dealer was convicted in those cases were substantially, if not precisely, the same as the facts presented in the cases at bar; and that in each of those cases this court held that the facts did not authorize the conviction of the dealer for the offense there and here charged.

Judgment reversed on each appeal.