## Commonwealth v. Hirsch Brothers & Company.

(Decided February 4, 1915.)

### Appeal from Mercer Circuit Court.

1. Intoxicating Liquors—Jurisdiction.—Where one is charged with delivering intoxicating liquors in violation of Chapter 7, Acts 1914, held, that the delivery took place, and the offense was committed, in the county in which the same was delivered to the carrier, and that the courts in the county to which the same was consigned did not have jurisdiction.

2. Criminal Law—Jurisdiction.—It is fundamental that a crime is punishable only in the jurisdiction where it was committed.

R. W. KEENON and C. H. MORRIS for appellant.

E. H. GAITHER and KOHN, BINGHAM, SLOSS & SPINDLE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee, Hirsch Brothers & Company, is a corporation with its principal place of business in Louisville. Under a warrant from Mercer county, it was charged with an offense alleged to have been committed in Mercer county, by delivering intoxicating liquor at Louisville, for shipment to Harrodsburg, in Mercer county, where the sale of intoxicating liquor is prohibited by law, and when the package containing the liquor "did not contain the name and address of the consignor, nor state that such liquor was for personal and family use of the consignee."

The offense is charged under the provisions of Chapter 7 of Session Acts of 1914. There is no controversy as to the facts; the case was submitted to the lower court under an agreed state of facts. It thus appears that Hirsch Brothers & Company did deliver a package containing intoxicating liquor to the Southern Railroad Company at Louisville, consigned to one Board at Harrodsburg, where its sale is prohibited by law; that Board is not a distiller, brewer or wholesale liquor dealer; that the package was not labeled as required by the 1914 act.

On this statement of facts, the appellee was adjudged not guilty, and the Commonwealth appeals.

While we do not mean to say that appellee did not violate the act of 1914, it is evident that it is not guilty of any offense in Mercer county. Such consign-

ment or delivery of the liquor as it made was in Jefferson county, and hence the Mercer courts had no jurisdiction. The circuit court so ruled, and we think properly. The Southern Railroad Company in carrying the liquor to Mercer county acted as the agent of the consignee, Board. It follows that the delivery made by Hirsch Brothers took place in Jefferson county. Hirsch Brothers parted with the title, that is, sold and delivered the liquor when possession was surrendered to the carrier in Louisville. This principle of law is so well settled, and has been so uniformly adhered to by this and courts everywhere that it cannot be considered an open question. In Commonwealth v. Gast, Crofts & Co., 143 Ky., 674, this court said:

"Appellee corporation did not make any sale or delivery of an intoxicating beverage, to-wit: cider to Davis in a local option district. The order was sent by Davis from Manchester to their place of business in Jefferson county, and the corporation parted with the property and the possession when it delivered the order to the railroad, a common carrier, in Jefferson county. McDermott v. Commonwealth, 29 Ky. L. R., 750 and 752, and Commonwealth v. Price & Lucas Cider and Vinegar Co., 31 Ky. Law Rep., 1356."

To the same effect is the ruling of this court in Parker v. Commonwealth, 147 Ky., 715; Whitmeier v. Commonwealth, 140 Ky., 734; Weidemann Brewing Co. v. Commonwealth, 123 Ky., 556; Josselson v. Commonwealth, 154 Ky., 795; Doores v. Commonwealth, 121 Ky., 226; James v. Commonwealth, 102 Ky., 108; Commonwealth v. Lexington Brewing Co., 147 Ky., 687; Kahn's Sons v. Commonwealth, 143 Ky., 297; Josselson v. Commonwealth, 158 Ky., 787; Josselson v. Commonwealth, 159 Ky., 468; Rist v. Commonwealth, 159 Ky., 753.

It is argued for the Commonwealth that Board, the consignee, ought not to be prosecuted for receiving the liquor because he was ignorant of the alcoholic contents, and was deceived by Hirsch Brothers in purchasing it, and that the carrier ought not to be prosecuted because Hirsch Brothers failed to label it as required by law, and it was, therefore, ignorant of the contents and intended no violation of the law. It is said that unless Hirsch Brothers be convicted the guilty party will go free. This does not necessarily follow. Under the agreed statement of facts, the offense was committed in Jefferson county and we are unwilling to say that the courts and juries of Jefferson county will fail in their duty. The

legislature in penalizing the various acts with reference to the shipment of liquor into dry territory did not change or attempt to change the venue of prosecutions. It is fundamental that a crime is punishable only in the jurisdiction where it is committed.

The judgment of the lower court is affirmed.