## Wathen v. Commonwealth.

(Decided September 27, 1916.)

Appeal from Knox Circuit Court.

1. Intoxicating Liquors.—There is no statute in Kentucky which makes it an offense to solicit persons, in territory where the local

option law prevails, to make purchases of whiskey, from a licensed dealer, in territory where the local option law is not in force.

2.  Intoxicating Liquors—Carriers—Place of Sale.—When one makes an order upon a dealer for liquor, by mail, enclosing the price of the liquor to be purchased, with directions to forward the liquor by a common carrier, and the dealer, at his place of business, accepts the order and delivers the liquor to the common carrier, consigned to the purchaser, the sale is made where the liquor is delivered to the common carrier, and not where the purchaser receives it from the carrier.

SAWYER A. SMITH and CHARLES C. BOLDRICK for appellant.

M.` M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This is an appeal by R. N. Wathen from a judgment of the Knox Circuit Court, wherein he was convicted of the offense of unlawfully selling, bartering and loaning, directly and indirectly, spirituous, vinous and malt liquors, in a territory wherein the local option law was in force, and in violation of that law. The prosecution, which resulted in the judgment, was based upon an information, which was filed in the Circuit Court by the Commonwealth's Attorney for the district in which Knox county is situated. The information alleged, that on or about the 10th day of January, 1916, the appellant and W. G. Abel unlawfully sold, bartered and loaned, directly and indirectly, in Knox county, spirituous, vinous and malt liquors to C. L. Harbin, contrary to and in violation of the local option law, which was then in full force and effect in Knox county. The appellant and Abel entered pleas of not guilty to the charge set forth in the information, and a trial by jury followed. At the conclusion of the evidence offered by the Commonwealth, the accused moved the court to peremptorily instruct the jury to find a verdict of not guilty. The motion was sustained as to Abel, as the evidence did not connect him, in any way, with the transactions upon which the prosecution relied for a conviction. The motion as to appellant was overruled and an exception saved. At the conclusion of all the evidence, the motion for a direct verdict in his favor was renewed, but was overruled by the court, to which ruling the appellant excepted. The jury returned a verdict, finding the appellant guilty of the offense charged in the information, and fixed the

penalty at a fine of eighty dollars, and a judgment of the court was rendered accordingly. The appellant's motion and grounds for a new trial being overruled, hence this appeal.

The grounds upon which a reversal of the judgment are urged, are:

First: The court erred to appellant's prejudice in overruling his motion for a direct verdict of not guilty at the conclusion of the evidence for the Commonwealth and at the conclusion of all the evidence.

Second: The instructions given the jury were erroneous and prejudicial.

It is conceded that Knox county is a "dry" territory, or a county wherein the local option law is in force, and that the city of Lebanon, in Marion county, is a "wet" territory, or a territory wherein the local option law is not in force, and where the sale of spirituous, vinous and malt liquors, by a licensed dealer, is lawful. ·

There were no contradictions in the evidence. The undisputed facts of the case appear to be as follows:

The appellant was a resident of Lebanon, Kentucky, where he was engaged in the business of a distiller, and, also, maintained the business of a wholesale and retail liquor dealer, for engaging in which business he was duly licensed under the laws of the state. One J. W. Smith was in the employment of the appellant, and was furnished by appellant with blanks, which persons who desired to purchase liquors from appellant, could make an order upon appellant for them, and send them to him by, mail addressed to him at his place of business in Lebanon, Ky. He was, also, furnished with envelopes, which were addressed to appellant at Lebanon, Ky., and stamped with the necessary postage. In addition to the above, Smith was furnished with printed matter, which advertised the goods and business of appellant. Smith's duties were to go through the country and to solicit persons to purchase the goods of appellant, and to deliver to them the blank order forms and envelopes and to distribute the printed matter containing the advertisements, but he made no sales nor received any money in payment of goods, at least from persons who resided in local option territory. For Smith's services he received a regular salary. Smith went to Artemus, in Knox county, and there distributed the blank order forms, envelopes and the advertising matter to a num-

ber of persons who resided at that place. He, also, had with him some whiskey, and gave to each of several persons a drink of it from a bottle, and to one or more of them stated, that if they should purchase whiskey from appellant, it would be similar in quality to the drink of whiskey which they had taken. He said to the witness, Harbin, that if he wanted any of the liquor, that he could fill out the order form and send it with the money or a check to pay for it, to appellant and that the liquor would be as good as the drink he had taken. Just previous to Christmas, 1915, Harbin filled out one of the order forms for two gallons of whiskey, signed it with his name, and enclosed with it, in an envelope, his check for the price of the whiskey, and sent it by mail to appellant at Lebanon. The communication which Harbin sent to appellant by mail requested appellant to ship to him by Adams Express two gallons of whiskey, and gave Harbin's postoffice address and the express office to which he desired the whiskey to be shipped, and the fact the price was enclosed, and, also, contained a statement that the whiskey was desired for his personal and family use. Harbin received the two gallons of whiskey ordered by him within a day or two, through the office of the Adams Express Company, in the town of Artemus.

Proof was made that, three other persons, who resided at Artemus, had procured liquors from appellant in the same way that Harbin did. The appellant objected to the testimony offered in regard to the purchases by these three persons, but his objection was overruled, to which rulings of the court he saved exceptions. It is unnecessary, however, for the purposes of the decision of this appeal to pass upon the question as to whether the admission of proof of the three sales to persons, other than Harbin, was error, as the purchases of the whiskey by them were made in the same way and manner as the purchase by Harbin, except probably one or more of them sent to appellant a postoffice money order, instead of his check, in payment for his purchase.

The question for decision upon the facts of this case, about which there was no dispute, is a question of law, purely, and is, whether the sale was made, either directly or indirectly, by appellant, in Knox county, where the sale of spirituous liquors is prohibited by the local option law, or was it made in Lebanon, where the local option law does not prevail, and where, therefore, the

sale was lawful. It will be observed that there is an entire absence of proof that Smith sold or attempted to make a sale of the whiskey to Harbin. The evidence in regard to the actions and conduct of Smith only tends to prove that Smith solicited Harbin to order whiskey from the appellant at Lebanon. Smith did not receive any money for the whiskey, neither did he make out or receive the order for the whiskey, neither does the evidence show that he was present or had any knowledge of Harbin making the order. If Smith had made out the order and procured Harbin to sign it and forwarded it to appellant, the evidence shows that it would have been subject to the approval of appellant, and would not have been a sale until appellant had accepted the order and delivered the whiskey to the common carrier, consigned to Harbin. In the case of Com. v. Gast, Crofts & Co., et al., 143 Ky. 674, Gast, Crofts & Co. was a corporation engaged in the business of a grocer, in Jefferson county. Chas. House was a traveling salesman for the corporation, and as such solicited a merchant in Clay county to make and sign an order to the corporation for a bill of goods, which included cider. Upon the indictment and conviction of the corporation and its agent, House, in Clay county, for the offense of unlawfully selling to Davis, in Clay county, a beverage, decoction and liquid mixture, which produced intoxication, the court reversed the judgment, and held that the sale of the cider was made by the corporation to Davis, in Jefferson county, where the order for the goods was accepted, and the goods delivered to the railroad, a common carrier, consigned to Davis, and that the agent, House, neither sold nor delivered the cider to Davis at any place. Com. v. Gast, Crofts & Co., et al., 143 Ky. 674. All the authorities hold that an agent, who solicits orders to be made upon his principal for goods, which are subject to the approval and acceptance of the principal, does not make a sale of the goods, but the sale is made by the principal when he accepts the order and delivers the goods. There is no reason why the same rule should not apply to a sale of liquor, as any other commodity, unless changed by statute. There is no statute which makes unlawful the soliciting of orders, in local option territory, for the sale of liquors, in places where the local option law is not in force. Whitmire v. Com., 140 Ky. 734; Kahn's Sons v. Com., 143 Ky. 297; Com. v.

Gast, Crofts & Co., et al., *supra.* In the instant case, the solicitation for the order for the liquors was not for a sale in local option territory, but for a sale in "wet" territory. There is no element of a sale or contract for a sale in the negotiations between Smith and Harbin. Harbin made application to appellant, by letter, which was addressed to and received by appellant at Lebanon, for the sale of whiskey. Enclosed in the letter was the personal check of Harbin for the price. Appellant was free to make the sale or refuse to do so. He accepted the order of Harbin at Lebanon; there accepted the check and delivered the whiskey to the Adams Express Company, a common carrier, consigned to Harbin, by the direction of Harbin. Under such circumstances, the common carrier is the agent of the purchaser and not of the seller. The sale was completed when the appellant delivered the liquor to the common carrier, consigned to Harbin, and parted with his control over it. If a loss of the liquor had occurred after its delivery to the express company in Lebanon, the loss would have been sustained by Harbin, and he could not have refused to have paid for it. Hence, the sale was made in Lebanon, and not directly nor indirectly in Knox county. It has been repeatedly held by this court, that where one sends an order for liquors by letter to a dealer, accompanied by check, money order or money in payment of the price of the liquor, with directions that the liquor be shipped to the purchaser by a common carrier, and the dealer accepts the order and delivers the goods to the common carrier, consigned to the purchaser, the sale is made where the goods are delivered to the carrier, and not at the point where the purchaser receives them from the carrier. The title to the property passes from the seller to the purchaser when it is delivered to the carrier, consigned to the purchaser, in the absence of any contract to the contrary, as in this case. Whitmire v. Com., *supra;* James v. Com., 102 Ky. 108; Doores v. Com., 121 Ky. 226; Kahn's Sons v. Com., *supra;* Com. v. Gast, Crofts & Co., et al., *supra;* McDermott v. Com., 29 R. 750; Com. v. Price & Lucas Vinegar Co., 31 R. 1356; Parker v. Com., 147 Ky. 715; Com. v. Wilson, 145 Ky. 413; Josselson Bros. v. Com., 158 Ky. 787; Josselson Bros. v. Com., 159 Ky. 468; Rist v. Com., 159 Ky. 753; Geo. Wiedeman Brewing Co. v. Com., 123 Ky. 556; The

American Pure Food Co. v. Com., 159 Ky. 470; Calhoun
v. Com., 154 Ky. 70; Rist v. Com., 162 Ky. 80.

Hence, there being no evidence which conduced to
show that the sale of the liquor to Harbin was made
either directly or indirectly in Knox county, the court
was in error in overruling the motions of appellant to
direct a verdict in his favor at the close of the evidence
for the Commonwealth, as well as at the close of all the
evidence.

Having arrived at the above conclusion, it is unnec-
essary to consider the instructions given to the jury,
but suffice it to say, they were erroneous, in that they
were not in conformity to the principles of this opin-
ion.

The judgment is reversed, and cause remanded for
proceedings consistent with this opinion.