## Commonwealth v. Whitlow.

October 25, 1949.

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, and Farland Robbins for appellant.

O. H. Brooks for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellee was tried in the quarterly court on a warrant charging him with the offense of soliciting orders

for the sale of alcoholic beverages in dry territory. The court sustained a demurrer to the warrant. Thereafter the grand jury of Graves County returned a bill charging that in Graves County, local option territory, Whitlow had within twelve months "while representing himself as seller, solicited Ed Duffy to purchase from the said Whitlow, whiskey in violation of KRS 242.250."

When called for trial he presented a plea of former jeopardy, which the court properly overruled. He also demurred to the indictment and over objection of the Commonwealth's Attorney the court sustained the demurrer and dismissed the indictment. The record does not manifest the basis for the court's ruling, and there is no brief on file for appellee.

The Attorney General and prosecuting officers of Graves County being of the opinion that the indictment stated a good cause of prosecution, have appealed to this court for a certification of the law. The statute in question provides in part (subsection 1), that no person while representing the seller or buyer shall solicit or receive contracts or orders or proposals for the sale of any alcoholic beverage in dry territory. We gather the factual situation to be that appellant approached the witness named in the indictment and offered to deliver him a case of whiskey at a price which was not satisfactory. Whether he owned the beverage or was making the approach for the owner is not divulged, but this omission is of no consequence, as we read the statute.

The court has not up to this time construed the statute in question; a review of the opinions of the court show that prior to 1936 (the date of enactment) we had no statute penalizing the soliciting of orders for alcoholic beverages in dry territory. Perhaps the Legislature's attention was called to a need for such a statute in Whitmire v. Com., 140 Ky. 734, 135 S. W. 767, 44 L. R. A., N. S., 445; Com. v. Gast, Crofts & Co., 143 Ky. 674, 137 S. W. 515, and Wathen v. Com., 171 Ky. 194, 188 S. W. 346, all of which pointed out that we had no anti-soliciting statute.

As we read the statute the gravamen of the offense is the soliciting of orders for the sale of alcoholic beverages, and this indictment charges appellant with the

offense of "soliciting" the purchase of whiskey. It makes no difference whether appellant was the owner, or was at the time representing the owner. It would be absurd to say that an agent of the owner could be prosecuted for soliciting, and at the same time that the owner who made solicitations could escape penalty. The language "while representing the seller" cannot be construed that if the owner, wholesaler, retailer or manufacturer makes the approach he is not within the meaning of the statute.

Since the "soliciting" by a person is the offense denounced, it makes no difference whether a sale or delivery is made or the contract consummated. The sale, delivery, transportation, having in possession for purpose of sale, are all penalized in other portions of Chapter 242 KRS.

It is the duty of the court to give to a statute reasonable meaning of the words employed. The strict letter of the statute will not be followed if to follow it leads to an absurdity, and interpreting a statute we consider the evil which the legislative body aimed to cure. Reeves v. Fidelity & Columbia Trust Co., 293 Ky. 544, 169 S. W. 2d 621; Com. ex rel. Martin v. Tom Moore Distillery Co., 287 Ky. 125, 152 S. W. 2d 962.

The statute as enacted makes no distinction between principal and agent, and it is not difficult to gather from the statute in question and the whole of Chapter 242 KRS that the legislature meant to prohibit any "person" from "soliciting orders, contracts or proposed sales of alcoholic beverages in local option territory." It is our opinion that the trial court was in error in sustaining demurrer to the indictment.

Law certified.

Judgment reversed.